**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GODO KAISHA IP BRIDGE 1, | |
| Plaintiff, | Case No. _____ |
| v. | JURY TRIAL DEMANDED |
| OMNIVISION TECHNOLOGIES INC., | |
| Defendant. | |

## <u>PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff Godo Kaisha IP Bridge 1 ("Plaintiff" or "IP Bridge") hereby brings this Original

Complaint for Patent Infringement ("Complaint") against Defendant OmniVision Technologies,

Inc. ("Defendant" or "OmniVision").  Plaintiff, on personal knowledge as to its own acts, and on

information and belief as to all others based on investigation, alleges as follows:

<u>NATURE OF THE ACTION</u>

1.      This is an action for infringement of U.S. Patent No. 7,164,113 ("'113 patent").

<u>THE PARTIES</u>

2.      Plaintiff IP Bridge is a Japanese corporation having a principal address of c/o

Sakura Sogo Jimusho, 1-11 Kanda Jimbocho, Chiyoda-ku, Tokyo 101-0051 Japan.

3.      Defendant OmniVision is a Delaware corporation headquartered at 4275 Burton

Drive, Santa Clara, California 95054.  OmniVision can be served through its registered agent for

service of process: The Corporation Trust Company, 1209 Orange Street, Wilmington, DE

19801.

<u>JURISDICTION AND VENUE</u>

4.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et*

*seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This is a patent infringement lawsuit,

over which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has general and specific personal jurisdiction over Defendant because it is present in and/or transacts and conducts business in and with residents of this District and the State of Delaware.  IP Bridge's causes of action arise, at least in part, from Defendant's contacts with and activities in this State and this District. This State is Defendant's state of incorporation. Defendant purposefully chose to avail itself of the law of Delaware by picking this State. In addition, upon information and belief, Defendant has committed acts of infringement within this District and this State by, *inter alia*, making, selling, offering for sale, importing, and/or using products that infringe one or more claims of the '113 patent.  Defendant, directly and/or through intermediaries, use, sell, ship, distribute, offer for sale, and/or advertise or otherwise promote products in this State and this District.

6.      Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this State and this judicial District.

7.      Upon information and belief, Defendant has purposefully and voluntarily placed one or more infringing products into the stream of commerce with the expectation that they will be purchased and/or used by residents of this District and/or incorporated into downstream products purchased by consumers in this District, including by directly or indirectly working with subsidiaries, distributors, and other entities located in Delaware.

8.      Defendant maintains highly interactive and commercial websites, accessible to residents of Delaware and this judicial District, through which Defendant promotes its products and services, including products that infringe the '113 patent.

9.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) for at least the reasons set forth above.

THE PATENT-IN-SUIT

10.     On January 16, 2007, the United States Patent and Trademark Office issued U.S. Patent No. 7,164,113 "Solid state imaging device with semiconductor imaging and processing chips."  A true and correct copy of the '113 patent is attached hereto as Exhibit A.

11.     By assignment, Plaintiff owns the entire right, title, and interest in and to the '113 patent, including the right to sue and recover damages, including damages for past infringement.

12.     Defendant has had knowledge of the '113 patent no later than the date upon which this Complaint was filed.

13.     The '113 patent is valid and enforceable.

14.     Defendant has at no time, either expressly or impliedly, been licensed under the '113 patent.

15.     Upon information and belief, Defendant has been and now is directly, literally under 35 U.S.C. § 271(a), and/or equivalently under the doctrine of equivalents, infringing the '113 patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '113 patent including, but not limited to, image sensor devices employing OmniVision PureCel-S technology (such as OV23850, OV21840, OV16850, and OV13860) and PureCel Plus-S technology (such as OV16860, OV16880, OV13870, and OV12890) , and devices that perform substantially the same function as an invention claimed in the '113 patent in substantially the same way to achieve substantially the same result. Upon information and belief, OmniVision PureCel-S and PureCel Plus-S image sensors and their equivalents infringe the '113 patent

because each accused OmniVision product and device includes an imaging semiconductor chip and an image processing semiconductor chip as recited by at least claims 1, 2, 3, 6 and/or 8 of the '113 patent.  In particular, each accused OmniVision product's and device's imaging semiconductor chip is for outputting an analog image signal, all its transistors are formed of the same conductivity type, and is comprised of a photoelectric converter for converting light into an electric signal and an amplifier for amplifying the electric signal generated by the photoelectric converter.  Further, each accused OmniVision product's and device's image processing semiconductor chip, to which the analog image signal is input, is comprised of CMOS transistors, an AD converter for converting the analog image signal output from the imaging semiconductor ship into a digital signal, and an image processing circuit for performing image processing based on the digital signal converted by the AD converter.  As an example, OmniVision's infringements of at least claims 1, 2, 3, 6 and 8 of the '113 patent by OV23850 are illustrated in the charts attached hereto as Exhibit B.

16.     Defendant has induced, and is continuing to actively and knowingly induce, with specific intent, infringement of the '113 patent under 35 U.S.C. § 271(b) and Defendant further contributes to the infringement of the '113 patent under 35 U.S.C. § 271(c), by making, using, offering for sale, selling, and/or importing image sensors.  Defendant encourages and facilitates infringing sales and uses of image sensors through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and/or technical materials to manufacturers and/or distributors, including for example the "OV23850 23.8MP product brief," version 1.2, dated October 2015, and YouTube video titled "OmniVision's PureCel Plus and PureCel Plus-S Technology."  Defendant contributes to infringement by others, including manufacturers, distributors, resellers, and end users, knowing that its image sensors constitute a

material part of the inventions of the '113 patent, knowing those image sensors to be especially made or adapted to infringe the '113 patent, and knowing that those image sensors are not staple articles or commodities of commerce suitable for substantial non-infringing use.  Defendant knew, or should have known, that its encouragement would result in infringement of at least one claim of the '113 patent.

17.     Defendant has and is continuing to willfully infringe the '113 patent by, at minimum, continuing to engage in infringing activities after Plaintiff notified Defendant of Defendants' infringement. For that reason, Defendant has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and such objective risk of infringement was known to Defendant or so obvious that Defendant should have known it.

PRAYER FOR RELIEF

Plaintiff prays for the following relief:

A.      A judgment that OmniVision has infringed and continues to infringe the '113 patent;

B.      A judgment and order requiring the OmniVision to pay IP Bridge damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

C.      A judgment and order requiring OmniVision to pay IP Bridge pre-judgment and post-judgment interest on the damages awarded;

D.      A judgment and order finding this to be an exceptional case and requiring OmniVision to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

E.      A permanent injunction against OmniVision's direct infringement, active inducements of infringement, and/or contributory infringement of the '113 patent, as well as against each of OmniVision's agents, employees, representatives, successors, and assigns, and those acting in privity or in concert with OmniVision; and

F.      In the event a final injunction is not awarded, a compulsory on-going royalty; and

G.      Such other and further relief as the Court deems just and equitable.

## JURY DEMAND

IP Bridge hereby demands a trial by jury of any and all causes of action.

DATED: October 20, 2016        */s/Stamatios Stamoulis*

Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, Delaware 19809
Phone:  (302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com


Michael W. Shore, Texas Bar No. 18294915
shore@shorechan.com
Alfonso Garcia Chan, Texas Bar No. 24012408
achan@shorechan.com
Jennifer M. Rynell, Texas Bar No. 24033025
jrynell@shorechan.com
Christopher L. Evans, Texas Bar No.24058901
cevans@shorechan.com
Russell DePalma, Texas Bar No.00795318
redepalma@shorechan.com
Ari Rafilson, Texas Bar No. 24060465
arafilson@shorechan.com
Andrew M. Howard, Texas Bar No.24059973
ahoward@shorechan.com

SHORE CHAN DePUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: 214 593 9110
Facsimile: 214 593 9111

Hiromasa Ohashi (*pro hac vice* to be filed)
ohashi@ohashiandhorn.com
Jeff J. Horn Jr., Texas Bar No. 24027234
horn@ohashiandhorn.com
Cody A. Kachel, Texas Bar No. 24049526
ckachel@ohashiandhorn.comOHASHI & HORN LLP
325 North Saint Paul Street, Suite 4400
Dallas, Texas 75201
Telephone: 214 743 4170
Facsimile: 214 743  4179
**Attorneys for Plaintiff  Godo Kaisha IP Bridge 1**